UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBLIS ALEXANDER Y.T., | No. 2:26-cv-00900-TLN-AC |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |

This matter is before the Court on an order to show cause issued to Respondents' counsel for failure to comply with a provision of this Court's April 3, 2026 Order.  (ECF No. 8.) Respondents' counsel filed a response.  (ECF No. 12.)  For the reasons set forth below, the Court issues sanctions.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The parties are familiar with the facts of this case and only those relevant to the issue currently before the Court are reiterated here.  On March 16, 2026, Petitioner filed a petition for writ of habeas corpus challenging the lawfulness of his detention.  (ECF No. 1.)  On April 3, 2026, the Court granted the petition, ordered Petitioner's immediate release, and directed Respondents to file a notice certifying compliance by April 6, 2026.  (ECF No. 8.)  Respondents did not file a notice of compliance or seek an extension of time to do so.

1

On April 7, 2026, the Court ordered Respondents to show cause, in writing, as to why Respondents' counsel should not be sanctioned in the amount of $250.00 for failure to follow this Court's order and timely file notice. (ECF No. 10.)  The Court noted this is not Respondents' counsel's first failure to follow this Court's orders. (*Id.*)  That same day, Petitioner filed a motion for the return of his identification documents noting that, without his documents, he had difficulty traveling back from Bakersfield to his home in Utah upon his release and he is likely to be rearrested by law enforcement or the Department of Homeland Security if traveling. (ECF No. 11.)  The Court granted Petitioner's motion, ordered Respondents to return Petitioner's documents and possessions, including his passport and driver's license, and directed Respondents to file a status update with the Court by the end of the day on April 10, 2026. (ECF No. 13.)  Respondents again did not timely file a status update or seek an extension of time to do so.

## II.    LEGAL STANDARD

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. U.S.*, 384 U.S. 364, 370 (1966).  Civil contempt sanctions serve "to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *Commodity Futures Trading Comm'n. v. Emerald Worldwide Holdings, Inc. (Emerald)*, No. CV03-8339AHM, 2004 WL 3186580, at *2 (C.D. Cal. Jul. 29, 2004) (quoting *Gen. Signal v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)).

Once the court determines a violation has occurred, it has broad authority in fashioning appropriate relief that is reasonably calculated to compel obedience with the prior court order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949) ("The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief.").  This includes per diem fines, compensatory damages, conditional incarceration, and reasonable attorneys' fees and expenses. *See S.E.C. v. Bankers All. Corp.*, 881 F. Supp. 673, 684 (D.D.C. 1995) (issuing graduated schedule of daily fines and ordering conditional incarceration to gain compliance); *Shillitani*, 384 U.S. at 370–71 (upholding order of conditional incarceration); *Perry v. O'Donnell*, 759 F.2d 702, 704–06 (9th Cir. 1985) (affirming award of attorneys' fees and

costs).  The district court "should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *U.S. v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).  Nevertheless, the Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which the contempt springs," and will only disturb the district court's judgment if it has abused its discretion.  *Id.*

### III.    ANALYSIS

In response to the Court's order to show cause, Respondents' counsel urges the Court to find good cause to discharge the order.  (*See generally* ECF No. 12.)  Respondents' counsel describes that he has been assigned over three hundred immigration habeas cases in the last three months and as a result, dozens of responses and "collateral responses" are due daily.  (*Id.* at 1.) Respondents' counsel contends juggling the tasks and deadlines can best be described as triage, wherein getting Petitioners released from custody is the absolute priority, ensuring a response to maintain the government's position in each case is the next priority, and "court orders are also a high priority."  (*Id.*)  Respondents' counsel concedes he has certainly missed a few deadlines but argues each time was inadvertent.

The Court is not persuaded sanctions should not be issued.  The Court issued a clear and unambiguous directive requiring Respondents' counsel to certify Petitioner's release from custody.  (ECF No. 8.)  Respondents' counsel failed to do so within the time required.  Moreover, while the question of sanctions was pending before this Court, Respondents' counsel again failed to timely file a status update as ordered, in the same case.  (ECF No. 13.)

The Court does not take such failures lightly.  Compliance with court orders is not optional; it is a fundamental obligation of any attorney appearing before this Court.  Respondents' counsel's conduct reflects a pattern of disregard for that obligation.  Indeed, this is not an isolated incident.[1]  Respondents' counsel does not contend he could not comply with the Court's order but

---

[1]    Respondents' counsel has failed to timely file notices of compliance in numerous cases before this Court.  *See, e.g., Sanchez-Hernandez v. Warden et al*, 2:26-cv-00960-TLN-SCR (E.D. Cal.); *Gonzalez Rodriguez v. Warden*, 2:26-cv-00700-TLN-CKD (E.D. Cal.).

rather, that he had higher priorities.  Thus, Respondents' counsel's noncompliance in this matter, and in others, demonstrates an unwillingness — not an inability — to adhere to basic procedural requirements.

While the Court recognizes that mistakes can occur, repeated violations of court orders cannot be excused as mere oversight.  Such conduct wastes judicial resources, delays proceedings, and undermines the orderly administration of justice.  An attorney's duty to the Court includes diligence, responsiveness, and strict adherence to court directives.  Respondents' counsel has fallen short of these standards.  Accordingly, the Court finds sanctions are warranted.

**IV.    CONCLUSION**

The Court SANCTIONS Respondents' counsel, Jonathan Yu, $250.00.

Date: April 14, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4