UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBLIS ALEXANDER Y.T., | No. 2:26-cv-00900-TLN-AC |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |

On April 15, 2026, the Court imposed a sanction against Special Assistant United States Attorney, Jonathan Yu, personally in his capacity as counsel for Respondents.  (ECF No. 15.) That same day, the United States Attorney filed a motion for partial reconsideration, requesting that the Court reconsider imposing the sanction on the individual attorney and instead impose the sanction on the United States Attorney's Office generally or on the United States Attorney personally.  (ECF No. 16.)

The United States Attorney contends the cause of the individual attorney's failure to comply with court orders was "the strain of the system that is not keeping up with the overwhelming burden" and "if fault is to be assigned, it is with the [United States Attorney's Office] for having placed that [individual attorney] in a position in which he could not keep up with the volume of work that fell to him."  (ECF No. 16 at 3–4.)  The United States Attorney

1

argues that because it is the United States Attorney's Office that collectively bears responsibility for the mistake in this case, the sanction should be imposed on the United States Attorney's Office generally. (*Id.* at 4.)

The Court acknowledges the request to impose sanctions on the United States Attorney's Office rather than on the individual attorney based on the United States Attorney's representations that the failures at issue were the product of systemic workload constraints rather than intentional disregard of court orders. In light of those representations, and in the interest of addressing the root cause of the deficiencies, the Court will direct that the sanction be imposed on the United States Attorney's Office.

That said, the record reflects that the individual attorney violated multiple court orders, including more than one in this matter. Compliance with court orders is not optional and must be prioritized above competing demands and resources. Even in the face of significant workload pressures, counsel has an obligation to ensure that court directives are timely and fully observed.

To the extent counsel must "triage" competing obligations, adherence to court orders is a non-delegable duty, and must be treated as the highest priority. A pattern of unchecked and unaddressed mistakes in complying with court orders will be viewed as a deliberate and strategic choice. Future failures of this nature — whether attributed to the individual or to systemic conditions — may result in sanctions directed at both the individual attorney and United States Attorney's Office generally.

For the reasons stated above, the Court discharges the $250 sanction issued to Respondents' counsel, Jonathan Yu, and imposes the $250 sanction on the United States Attorney's Office. Within 30 days of the date of this Order, the United States Attorney's Office must remit payment to the Clerk of Court.

IT IS SO ORDERED.

Date: April 30, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE